UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 24-cv-24614-DPG

INNOVATIVE EYEWEAR, INC.

    Plaintiff,

v.

VLADMIR GALKIN, et al.

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Vladmir Galkin and Angelica Galkin, individually and as sole trustee of the Angelica Galkin Revocable Trust ("Galkin Trust") (collectively, the "Defendants"), by and through undersigned counsel, hereby file this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Innovative Eyewear, Inc. ("Plaintiff"), and state as follows:

## NATURE OF ACTION

1. The Defendants state that the allegations set forth in Paragraph 1 include conclusions of law to which a responsive pleading is not necessary; to the extent any response is required, the Defendants deny the allegations.

2. The Defendants state that the allegations set forth in Paragraph 2 include conclusions of law to which a responsive pleading is not necessary; to the extent any response is required, the Defendants deny the allegations.

3. The Defendants deny the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. The Defendants state that the allegations set forth in Paragraph 4 include conclusions of law to which a responsive pleading is not necessary.

5. The Defendants state that the allegations set forth in Paragraph 5 include conclusions of law to which a responsive pleading is not necessary.

## PARTIES AND RELEVANT NON-PARTIES

6. The Defendants lack sufficient information or knowledge to answer the allegations of paragraph 6 regarding Plaintiff's corporate location. The Defendants admit that the Plaintiff's common stock is registered.

7. The Defendants admit the allegations in Paragraph 7.

8. The Defendants admit the allegations in Paragraph 8.

9. The Defendants admit the allegations in Paragraph 9.

## FACTUAL ALLEGATIONS

10. The Defendants lack sufficient information or knowledge to answer the allegations set forth in Paragraph 10 and, therefore, deny the allegations.

11. The Defendants admit the allegations in Paragraph 11.

12. The Defendants admit that the Schedule 13D shows that Defendants purchased 438,408 shares of Plaintiff's common stock on September 16, 2024, but otherwise deny the allegations in this paragraph because the Defendants lack sufficient information or knowledge to answer the rest of the allegations in this paragraph.

13. The Defendants lack sufficient information or knowledge to answer the allegations set forth in Paragraph 13 and, therefore, deny the allegations.

14. The Defendants admit the allegations in Paragraph 14.

15. The Defendants state that the allegations set forth in Paragraph 15 include conclusions of law regarding the calculation of short-swing profits to which a responsive pleading

is not necessary; to the extent any response is required, the Defendants deny those allegations. As to allegations regarding the "realized short-swing profits," the Defendants deny those allegations.

16. The Defendants deny that the chart set forth in Paragraph 16 accurately and comprehensively reflects the Defendants' "trading activity."

17. The Defendants deny the allegations in Paragraph 17.

18. The Defendants admit that counsel for the Plaintiff sent a letter to Defendants regarding alleged short-swing profits, but deny the remaining allegations.

## COUNT 1

19. The Defendants deny the allegations in Paragraph 19.

20. The allegations in Paragraph 20 include conclusions of law to which a responsive pleading is not necessary and, therefore, those allegations are denied.

21. The Defendants admit the allegations in Paragraph 21.

22. The Defendants deny the allegations in Paragraph 22.

23. The Defendants deny the allegations in Paragraph 23.

24. The Defendants state that the allegations set forth in Paragraph 24 include conclusions of law to which a responsive pleading is not necessary; to the extent any response is required, the Defendants deny those allegations.

## PRAYER FOR RELIEF

The Defendants deny the allegations in, and that the Plaintiff is entitled to any of the relief or remedies sought in, the Plaintiff's Prayer for Relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

The Defendants assert the following affirmative defenses. The Defendants reserve the right to supplement or otherwise modify these affirmative defenses, including based on information

ascertained during discovery in this case.

### First Affirmative Defense

The Plaintiff's claim improperly seeks to disgorge short-swing profits based on trades that occurred when Defendants were not 10% beneficial owners of Plaintiffs' outstanding shares.

### Second Affirmative Defense

The disgorgement remedy sought in this case violates the Supreme Court's holding in *Liu v. SEC*, 591 U.S. 71 (2020), because it constitutes a penalty.

### Third Affirmative Defense

The transactions at issue are subject to the common law unorthodox transactions doctrine.

### JURY DEMAND

The Defendants demand a jury trial on all issues so triable.

Dated: January 21, 2025

Respectfully submitted,

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

*/s/ Michael A. Pineiro*

Michael A. Pineiro
Florida Bar No. 041897
mpineiro@mnrlawfirm.com
Brandon Floch
Florida Bar No. 125218
bfloch@mnrlawfirm.com
One Biscayne Tower
2 South Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: (305) 400-4260

*Counsel for the Defendants*